**Michael J. Petitti, Jr. – 011667**
**Paige C. Pataky – 029951**
**SHIELDS PETITTI, PLC**
**5090 N. 40th Street, Suite 207**
**Phoenix, Arizona 85018**
**Telephone: (602) 718-3330**
**Facsimile: (602) 675-2356**
**E-Mail: mjp@shieldspetitti.com**
**E-Mail: pcp@shieldspetitti.com**

Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Martinez, | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Superstition Fire & Medical District; Superstition Fire & Medical District Board; Kathleen Chamberlain; Jeff Cross; Todd House; Jason Moeller; and Shawn Kurian, in their official capacities; | |
| Defendants. | |

Plaintiff George Martinez ("Plaintiff"), for his cause of action against Defendants, alleges:

### GENERAL ALLEGATIONS

**(Parties and Jurisdiction)**

1. Plaintiff is a resident of Pinal County, Arizona and was a resident of Pinal County during all relevant times.

2. Defendant Superstition Fire & Medical District ("Defendant District") is a fire district as set forth in *A.R.S. §§ 48-802, et. seq*. at all times material herein. Defendant District is an employer within the meaning of *42 U.S.C. § 1211(5)*.

1257024.1

3. Defendant Superstition Fire & Medical District Board of Directors ("Defendant District Board") is a fire district board and an agent of Defendant District. At all material times herein, Defendant District Board was an employer within the meaning of *42 U.S.C. § 1211(5)*.

4. Defendants Kathleen Chamberlain, Jeff Cross, Todd House, Jason Moeller, and Shawn Kurian are members of Defendant District Board. At all relevant times herein, they or their predecessors, were members of Defendant District Board and were acting for and on behalf of Defendant District and such actions were in the course and scope of their authority.

5. Defendants have committed actions and caused events to occur in Pinal County, which are the foundation of this action and out of which this action arises.

6. This Court has jurisdiction pursuant to *28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4)*, and *42 U.S.C. § 12133*.

7. Venue is proper under *28 U.S.C. § 1391* because the acts detailed in this Complaint incurred within the District of Arizona and all parties reside within the District of Arizona.

**(Nature of Action)**

8. This is an action brought by Plaintiff to vindicate violations of the Americans With Disabilities Act, as amended ("ADA").

**(Jury Demand)**

9. Pursuant to Rule 38 of the *Federal Rules of Civil Procedure*, Plaintiff demands a jury trial.

**FACTS COMMON TO THE CLAIM FOR RELIEF**

10. Plaintiff was a Firefighter for Defendant District from approximately February 1, 2013 until his termination on approximately November 2, 2020. Plaintiff performed with competence, distinction and to Defendants' benefit. He routinely received satisfactory

2

1257024.1

performance evaluations.

11. Plaintiff was diagnosed with bipolar disorder, post-traumatic stress disorder and anxiety in early 2018. Initially, Plaintiff informally discussed his treatment and condition with Defendant District's then interim Fire Chief, Mark Farber, and then, in approximately May 2018, formally informed Chief Farber and Assistant Fire Chief, Rick Ochs, of his disability. He also requested as a temporary reasonable accommodation more frequent feedback on his performance and conduct. Chief Farber also spoke directly with Plaintiff's medical provider about these accommodations.

12. Almost immediately upon returning from his FMLA leave, Plaintiff experienced harassment and different treatment in the terms and conditions of his employment, including assignments, opportunities, investigations, discipline, and ultimately termination.

13. For example, Plaintiff was suspended, placed on probation, and provided a "last chance agreement" on approximately May 17, 2018 relating to items that were either false, mischaracterized or not fully investigated. Moreover, other employees who engaged in similar alleged conduct were not disciplined.

14. Nonetheless, Plaintiff continued to perform his job to the best of his ability and tried to ignore the ongoing harassment and discrimination. In fact, during the one-year probation, he was not notified of any other performance problems and received a positive performance evaluation in approximately October 2019 several months after the probation ended.

15. On approximately December 19, 2019, Plaintiff filed a "Hostile Work Environment/Harassment" complaint with his supervisor regarding his concerns about the ongoing hostile and discriminatory work environment, including the impact the conduct was having on his disability. Plaintiff then provided additional information to his supervisor on

1257024.1

approximately December 24, 2019.  Plaintiff understands and therefore believes that Defendants never investigated his complaint.  Regardless, the ongoing discrimination continued.

16. On approximately October 1, 2020, Defendants began an internal investigation into Plaintiff's alleged misconduct and subsequently terminated him on approximately November 2, 2020 based on false or mischaracterized allegations.  Moreover, Defendants' decision to fire Plaintiff was significantly different than its treatment of similarly situated co-workers who either committed or were alleged to have committed similar acts.

17. On February 10, 2021, Plaintiff timely filed a charge of discrimination with the Arizona Attorney General's Office, Civil Rights Division, which was also deemed filed the Equal Employment Opportunity Commission (EEOC) at the same time.  The EEOC issued its Notice of Right to Sue thereafter.  (Exhibit 1).

18. In discharging Plaintiff, Defendants willfully, knowingly and intentionally discriminated against Plaintiff because of his disability and in retaliation for raising his good faith concerns that Defendants were violating State and Federal law and his opposition to the same.  Defendants stated reasons for their actions were false and pretextual.

19. Plaintiff is damaged by the wrongful acts of Defendants and their agents herein alleged which damage includes, without limitation, the following:

    a. Lost salary and employment benefits due Plaintiff at the time of his discharge and since his discharge until he should obtain employment at a similar rate of compensation;

    b. Injury to Plaintiff's long-term employment, reputation and income potential flowing from the wrongful conduct by Defendants; and

    c. Injury from humiliation, trauma, extreme stress, depression and physical and

1257024.1

mental pain and anguish.

20. The willful and wanton misconduct on the part of Defendants is such that it justifies an award of punitive damages.

21. All prerequisites to Plaintiff filing suit have been met.

22. All allegations of this Complaint are incorporated into the claim for relief.

**CLAIM FOR RELIEF**
**(Disability/Retaliation Discrimination)**

23. Plaintiff suffered from bipolar disorder, post- traumatic stress disorder and anxiety resulting in substantial limitation of major life activities, including speaking, sleeping, cognitive and major bodily functions. But, he was qualified to perform his job with occasional reasonable accommodations.

24. The acts, policies and practices of Defendants as alleged herein, violate the ADA's disability and retaliation discrimination provisions.

25. Plaintiff timely filed a charge of disability and retaliation discrimination. The EEOC issued its Notice of Right to Sue thereafter. (Exhibit 1).

26. Plaintiff is damaged by Defendants' violations of the ADA as hereinabove alleged or as proven at trial.

WHEREFORE, Plaintiff requests judgment in his favor and against Defendants as follows:

A. For all injunctive and declaratory relief necessary including a declaration that Defendants' conduct violated the ADA and enjoining Defendants from conduct violating Plaintiff's rights;

B. For actual, consequential, and incidental damages as alleged herein or as proven at trial;

1257024.1

C.    For punitive damages;

D.    For Plaintiff's attorneys' fees and costs incurred in this matter pursuant to the ADA and any other applicable statute, rule or regulation;

E.    For interest on each element of damage, cost or attorneys' fees at the highest legal rate from the date of such damage, cost or attorneys' fee was incurred until paid; and

F.    For such other and further relief as the Court deems just and proper.

DATED this 10th day of June, 2022.

                                          SHIELDS PETITTI, PLC

                                          By /s/ Michael J. Petitti, Jr.
                                              Michael J. Petitti, Jr.
                                              Paige C. Pataky
                                              5090 N. 40th Street, Suite 207
                                              Phoenix, Arizona 85018
                                              Attorneys for Plaintiff

1257024.1